IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ESTATE OF MICHAEL WONDERCHECK, BY BETH WONDERCHECK, PERSONAL REPRESENTATIVE, | ) ) ) ) | 4:06CV3087 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, JOHN DOE, INDIVIDUALLY AND IN HIS CAPACITY AS STATE TROOPER OF THE NEBRASKA STATE PATROL; CITY OF GERING, CITY OF BAYARD, AND SCOTTS BLUFF COUNTY; JAMES JACKSON, INDIVIDUALLY AND IN HIS CAPACITY AS A POLICE OFFICER FOR THE CITY OF GERING; KRIS STILL, TRENT ZWICKL, MARK BLISS, AND DEPUTY PERKINS, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS DEPUTIES FOR SCOTTS BLUFF COUNTY; Z. DOUGLASS, INDIVIDUALLY AND IN HIS CAPACITY AS POLICY OFFICER FOR THE CITY OF BAYARD, NE., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

     This matter is before the court upon Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim by all of the defendants (filings 15, 19, 23, & 25). The complaint asserts that law enforcement officers of the Nebraska State Patrol ("State Patrol"), County of Scotts Bluff, and cities of Bayard, Nebraska and Gering, Nebraska engaged in a high speed pursuit of Michael Wondercheck ("Michael") which ended in a vehicular accident, and that Michael died from injuries sustained in the accident.

The complaint states three causes of action:  a wrongful death claim, a 42 U.S.C. § 1983 claim based on unspecified civil rights violations, and a claim against the State of Nebraska for violation of the Security, Privacy, and Dissemination of Criminal History Information Act, Neb. Rev. Stat. Ann. §§ 29-3520 et seq. (LexisNexis 2003) (the "Criminal History Information Act").  The complaint asserts that the court has federal question jurisdiction over the § 1983 claim and pendent jurisdiction over the state law claims.  (Complaint ¶ 2.)

## I.  BACKGROUND

The complaint alleges, among other things, that:

1.      The accident occurred on Highway 71 south of Gering, Nebraska. (Complaint ¶ 11.)

2.      Prior to the accident, the police chase was called off by whomever was in charge, but the officers in pursuit continued despite the demand.  (Complaint ¶ 12.)

3.      The pursuing officers' disobedience to the command to stand down and discontinue the pursuit was negligent and was a direct and proximate cause of the death of Michael Wondercheck.  (Complaint ¶ 13.)

4.      Neb. Rev. Stat. Ann. § 29-211(1) (LexisNexis 2003) provides that each law enforcement agency within the state shall adopt and implement a written policy regarding the pursuit of motor vehicles. Mandatory training regarding the policy is required.  "It is believed that the Defendants were either negligent in failing to adopt such a policy, and/or that their agents were negligent in failing to follow the policy adopted."  (Complaint ¶ 14.)

5.      Neb. Rev. Stat. Ann. § 29-211(2) (LexisNexis 2003) mandates that each law enforcement agency within the state must ensure that all law enforcement officers who commence employment with such agency receive specialized training in pursuit driving, and "[t]he Defendants were negligent in failing to ensure its officers were properly trained.  (Complaint ¶ 15.)

6.      On or about August 16, 2006, Plaintiff mailed a letter to the Nebraska State Patrol, Gering Police Department, Bayard Police Department, and Scotts Bluff County Sheriff's Department, requesting all related documents and records pursuant to Neb. Rev. Stat. Ann. § 29-3523.  The City of Gering has refused to provide videos requested.  The Nebraska State Patrol has refused to comply with the request and thus the troopers have not been identified.  (Complaint ¶ 21.)

## II.  STANDARD OF REVIEW

In determining whether the complaint states a claim upon which relief can be granted, I am required to accept as true all factual allegations in the complaint, but to give no effect to conclusory allegations of law.  See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).  A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.  Krentz v. Robertson, 228 F.3d 897, 905 (8th Cir. 2000).  In other words, dismissal is justified only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 704 (3d ed. 2004).

### III.  ANALYSIS

Each of the motions to dismiss asserts that the complaint fails to state a § 1983 claim, and that the pendent state claims should be dismissed since the § 1983 claim fails.  I first consider the § 1983 claim, and then the pendent claims.

### A.  The § 1983 Claim

The complaint nowhere identifies the constitutional violation which forms the basis of the § 1983 claim.  The defendants' briefs assumed that the § 1983 claim was based on either Fourth Amendment seizure or substantive due process.  Plaintiff's briefs[1] in opposition to the motions to dismiss acknowledge that the constitutional right underlying the § 1983 claim is the right to substantive due process, and that when a § 1983 claim stems from a high speed pursuit by law enforcement officers, the requisite intent is that established in County of Sacramento v. Lewis, 523 U.S. 833, 836 (1998).  (Filing 22, P.'s Br. in Opp'n to Mot. to Dismiss by Scotts Bluff County Defs., at 2; Filing 29, P.'s Br. in Opp'n to Remaining Mot. to Dismiss, at 2-3.) Under Lewis, when death results from "a high-speed automobile chase aimed at apprehending a suspected offender," only a "purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience necessary for a due process violation."  523 U.S. at 836.  The complaint alleges negligence in various forms, but does not allege that the defendants acted with

---

[1]The motions before me were each filed on separate days, spanning over a month of time.  (Filings 15, 19, 23, and 25.)  Plaintiff submitted a timely brief opposing the motion of the Scotts Bluff County defendants.  (Filing 22.)  She later submitted a brief "in opposition to remaining motion[s] to dismiss."  (Filing 29.)  The brief in filing 29 was untimely as a response to the motion to dismiss of the City of Gering defendants, but timely as to the motions to dismiss of the City of Bayard and State defendants.  In compliance with NECivR 7.1(C), I have not considered failure to timely file a brief opposing the City of Gering defendants' motion as confession of the motion.

the <u>Lewis</u> "purpose to cause harm unrelated to the legitimate object of arrest." Thus it fails to state a § 1983 claim.

Plaintiff has requested leave to amend the complaint if the court finds it fails to state a § 1983 claim. (Filing 22 at 2; Filing 29 at 2.) I will order that Plaintiff amend the complaint in compliance with this order, and will dismiss the § 1983 claim in the event of noncompliance with this order. I now briefly address other matters raised by the motions to dismiss as they relate to the § 1983 claim.

The Scotts Bluff County defendants asserted that neither the county nor its officials acting in their official capacities are "persons" for the purposes of § 1983 claims for retrospective relief. (Filing 15 at 2.) I reject this argument. <u>See</u>, <u>e.g.</u>, <u>Monell v. Dep't of Social Serv.</u>, 436 U.S. 658, 690 (1978) (local government units are "persons" for purposes of § 1983).

The complaint asserts that Z. Douglass, a police officer for the City of Bayard, is liable for a § 1983 violation in his individual capacity. The motion to dismiss submitted by the Bayard defendants asserts that the individual capacity claim against Douglass must be dismissed because he has qualified immunity. Though qualified immunity is more often raised at the summary judgment stage, a defendant can prevail on a motion to dismiss by asserting qualified immunity–if the face of the complaint establishes that qualified immunity should be granted. <u>Bradford v. Huckabee</u>, 394 F.3d 1012, 1015 (8th Cir. 2005) ("To prevail at this [motion to dismiss] stage of the proceedings, defendants must show that they are entitled to qualified immunity on the face of the complaint.") Governmental officials who are sued in their individual capacities for damages under § 1983 have qualified immunity from suit if they prove that their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Tlamka v. Serrell</u>, 244 F.3d 628, 632 (8th Cir. 2001) (quoting <u>Harlow</u>).

Assuming that the complaint is amended to include an assertion that he acted with a purpose to cause harm unrelated to the legitimate object of arrest, the complaint does not establish on its face that Officer Douglass is entitled to qualified immunity.  If Officer Douglass acted with this intent, it is possible that his conduct <u>did</u> violate clearly established statutory or constitutional rights of which a reasonable person would have known.[2]  I will deny the motion to dismiss asserted by the Bayard defendants to the extent it asserts Officer Douglass has qualified immunity from suit, without prejudice to reassertion of Officer Douglass' qualified immunity in another motion to dismiss or in a properly supported motion for summary judgment.

I next address the motions to dismiss as they relate to the state law claims.  After that, I give directives regarding amendment of the complaint.

## B.  The Wrongful Death and Criminal History Information Act Claims

The State asserts that if the § 1983 claim is dismissed, there will be no federal question and no diversity of citizenship, and thus the two state law claims should be dismissed for lack of jurisdiction.  (Filing 24, Br. in Supp. of Rule 12(b)(6) Mot., at 6.)[3]  This argument confuses supplemental jurisdiction over pendent state claims with

---

[2]Both Officer Douglass and Plaintiff assert facts outside the pleadings regarding Douglass' assertion of qualified immunity from suit.  Douglass asserts that he was no longer in pursuit at the time of the vehicular accident.  (Filing 26 at 2.)  Plaintiff asserts that Michael feared Officer Douglass, Douglass initiated a high speed chase after seeing Michael's car driven without license plates, and Douglass enlisted the aid of the other defendant law enforcement agencies.  (Filing 29 at 5.)  The short response to these outside the pleadings assertions is that I cannot consider facts outside the pleadings in resolving the motions to dismiss.  I note that even if these assertions were contained in the complaint, the complaint would not establish on its fact that Officer Douglass has qualified immunity from suit.

[3]As the State has not asserted Eleventh Amendment immunity from the state law claims, I do not address it.

-6-

diversity jurisdiction. This court now has supplemental jurisdiction over the state law claims, as they are part of the same case or controversy as the 1983 claim, and this supplemental jurisdiction is not dependent upon diversity of citizenship. 28 U.S.C. § 1367. If the § 1983 claim is later dismissed, I will exercise my discretion to decline to exercise supplemental jurisdiction over the pendent state law claims, and will dismiss them without prejudice. Id.

The Scotts Bluff defendants argue that I should decline to exercise supplemental jurisdiction even if I do not dismiss the § 1983 claim because 28 U.S.C. § 1367(c) permits a district court to decline to exercise supplemental jurisdiction over a pendent state claim if that claim "substantially predominates over the claim or claims over which the district court has original jurisdiction . . . ." The Bayard and Gering defendants also urge me to decline to exercise supplemental jurisdiction over the wrongful death claims. The facts of the case are too poorly developed at this point for me to determine whether the wrongful death claim, and the Criminal History Information Act claim asserted against the State, substantially predominate over the § 1983 claim. The defendants may reassert motions to dismiss the pendent state law claims if the complaint is successfully amended to state a § 1983 claim. I will deny the motions to the extent they urge me to decline the exercise of supplemental jurisdiction over the state law claims, without prejudice to their reassertion after amendment of the complaint.

### C. Other Matters in the Complaint

The motion to dismiss filed by the Scotts Bluff County defendants requests that I strike paragraph 16 of the complaint if the complaint is not dismissed. That paragraph provides as follows: "[p]ursuant to Nebraska Revised Statute[s] § 13-911, the Defendant Political Subdivisions are strictly liable for the injury to and death of Wondercheck, and the damages to Beth Wondercheck and Marvin Wondercheck." (Complaint ¶ 16.) I will strike this paragraph.

Section 13-911 provides for liability to third parties for certain injuries proximately caused by a law enforcement officer employed by a political subdivision. It provides that "[i]n the case of death, injury, or property damage <u>to any innocent third party</u> proximately caused by the action of a law enforcement officer employed by a political subdivision during vehicular pursuit, damages shall be paid to such third party by the political subdivision employing the officer."  Neb. Rev. Stat. Ann. § 13-911(1) (LexisNexis 2004) (emphasis added).  It also provides that a political subdivision that has made such payment is entitled to receive reimbursement from, among others,  "[t]he driver of the fleeing vehicle."  <u>Id.</u> § 13-911(2)(a).

By its terms, § 13-911 is applicable to injuries to <u>innocent third parties</u>, not to injuries to the driver of the vehicle fleeing apprehension by law enforcement officers. The complaint on its face acknowledges that Michael Wondercheck was the driver of the vehicle fleeing law enforcement officers and was not an "innocent third party" within the meaning of § 13-911.  (Complaint ¶11.)

### D.  Amendment of the Complaint

I now give guidance on amendment of the complaint regarding the § 1983 claim and other matters.  The complaint should be amended for clarity and conformity with the rulings in this order when it is amended to allege that the defendants acted with the <u>Lewis</u> "purpose to cause harm unrelated to the legitimate object of arrest." The amendments to the complaint should include the following:

### Regarding § 1983 Claim

1.  <u>Allegation that the defendants acted with the Lewis "purpose to cause harm unrelated to the legitimate object of arrest.</u>"  In this regard, counsel for Plaintiff should be mindful of Fed. R. Civ. P. 11(b)(3), which provides that "by presenting to the court . . . a pleading, written motion, or other paper, an

attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support or, <u>if specifically so identified</u>, are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery . . . ." (Emphasis added.)  Furthermore, only well-pleaded facts are viewed to determine the adequacy of a complaint and conclusory allegations are not considered.  <u>Ashby v. Dyer</u>, 427 F. Supp. 2d 929, 934-35 (D. Neb. 2006) (citing <u>Parkhill v. Minn. Mut. Life Ins. Co.</u>, 286 F.3d 1052, 1058 (8th Cir. 2002).

2.    <u>Clarification that the § 1983 claim is brought only by Beth Wondercheck in her capacity as personal representative of Michael</u>.  Eighth Circuit law provides that state <u>wrongful death</u> statutes confer standing on a personal representative bringing § 1983 claims for injuries to a decedent.  State <u>survivor</u> statutes do not confer standing on a survivor to bring a § 1983 claim in the survivor's own behalf for the survivor's injuries.  <u>Andrews v. Neer</u>, 253 F.3d 1052, 1056-58 & 1063-64 (8th Cir. 2001).  Provisions in the current complaint indicate that Michael's mother and father seek recovery on their own behalf, and do not clarify whether they seek such recovery regarding the § 1983 claim.  (<u>See</u> Complaint ¶ 1.)

3.    <u>Clarification that the § 1983 claim, to the extent it seeks monetary damages, is not brought against the State of Nebraska or any state troopers acting in their official capacities</u>.  Neither the State nor its officials acting in their official capacities are "persons" capable of being sued under 42 U.S.C. § 1983.  <u>Mayorga v. Missouri</u>, 442 F.3d 1128, 1130 n.2 (8th Cir. 2006) (citing <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989)).  However, state officials acting in their official capacities may be sued under § 1983 for <u>injunctive relief</u>, as official capacity actions for prospective relief are not

treated as actions against the state.  Alsbrook v. City of Maumelle,  184 F.3d 999, 1010 (8th Cir. 1999) (citing Will, 491 U.S. at 71 n.10).

4.    Strike incorporation by reference of allegations of negligence to the § 1983 claim.  Paragraphs 14, 15, 23, and 24 of the complaint allege negligence. Those paragraphs are incorporated into the § 1983 claim.  (Complaint ¶ 28.) This incorporation by reference is improper, as negligence does not give rise to a due process claim under § 1983.  Lewis, 523 U.S. at 836.  Plaintiff has conceded that negligence does not give rise to a § 1983 claim.  (Filing 29 at 3.)

5.    Allegation that officials of Scotts Bluff County, City of Bayard and City of Gering were acting in accord with official policy or custom.  This is needed to state a § 1983 claim.  Reasonover v. St. Louis County, Mo., 447 F.3d 569, 582-83 (8th Cir. 2006) (noting that Monell, 436 U.S. at 694, provides that a municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom, and holding that § 1983 plaintiff suing local government entity must prove a governmental custom or policy was the moving force behind the constitutional violation).

6.    Clarification of capacity in which defendants are sued under the § 1983 claim. The heading for the § 1983 claim states that it is brought against "Officers and Deputies," without specifying whether it is brought against them in their official or individual capacities, or in both capacities.  (Complaint, p. 6.)

7.    Clarification of relief sought under the § 1983 claim.  The prayer for relief lists several remedies.  It is unclear what relief is sought regarding the § 1983 claim, and in particular whether any relief other than monetary relief is sought against the State defendants.

-10-

*Regarding Wrongful Death Claim*

8.  <u>Clarification of which defendants are sued, and in what capacity, on the wrongful death claim</u>.      The heading for the wrongful death claim states that it is brought against "State [and] Political Subdivisions." (Complaint, p. 5). It is unclear whether the individual defendants are sued in their individual capacities on the wrongful death claim.

*Regarding Violation of State Criminal History Information Act Claim*

9.  <u>Clarification of which defendants are sued on this claim</u>.  The heading for the Criminal History Information Act claim states that it is brought only against the State of Nebraska. (Complaint, p.6.)  Although the general allegations in the complaint contain assertions that other defendants may have violated the act[4] the portion of the complaint specifically addressing this claim provides that "Nebraska State Patrol refused to comply with Plaintiff's request for the production of records and documents relating to the incidents surrounding Mr. Wondercheck's death."  (Complaint ¶33.)

For the foregoing reasons,

IT IS ORDERED:

_____

[4]<u>See</u> Complaint ¶ 18 (assertion that videos from the in-dash cameras of the law enforcement vehicles have been requested but not provided, without identification of which of the four law enforcement agencies failed to provide them) <u>and</u> Complaint ¶21(assertion that although all four law enforcement agencies were requested to provide "all related documents and records, the City of Gering has not provided videos and the State Patrol has not complied with the request or identified the troopers involved).

1.     If she can do so in compliance with Fed. R. Civ. P. 11, Plaintiff shall amend the complaint in conformity with this order on or before August 1, 2006;

2.     In the event of noncompliance with this order, and without further notice, the § 1983 claim will be dismissed with prejudice (pursuant to Fed. R. Civ. P. 12(b)(6)  for failure to state a claim and pursuant to Fed. R. Civ. P. 41 for noncompliance with a court order),  the court will decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c), and the state law claims will be dismissed without prejudice; and

3.     The motions to dismiss (filings 15, 19, 23, & 25) are granted to the extent set forth above, and are otherwise denied, without prejudice to reassertion of motions to dismiss or for summary judgment based on qualified immunity or reassertion of motions to dismiss the pendent state law claims.

July 14, 2006.                              BY THE COURT:

                                            s/Richard G. Kopf
                                            United States District Judge