IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ESTATE OF MICHAEL WONDERCHECK, BY BETH WONDERCHECK, PERSONAL REPRESENTATIVE, | ) ) ) ) ) | 4:06CV3087 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, JOHN DOE, INDIVIDUALLY AND IN HIS CAPACITY AS STATE TROOPER OF THE NEBRASKA STATE PATROL; CITY OF GERING, CITY OF BAYARD, AND SCOTTS BLUFF COUNTY; JAMES JACKSON, INDIVIDUALLY AND IN HIS CAPACITY AS A POLICE OFFICER FOR THE CITY OF GERING; KRIS STILL, TRENT ZWICKL, MARK BLISS, AND DEPUTY PERKINS, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS DEPUTIES FOR SCOTTS BLUFF COUNTY; Z. DOUGLASS, INDIVIDUALLY AND IN HIS CAPACITY AS POLICY OFFICER FOR THE CITY OF BAYARD, NE., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This action stems from a high speed chase of the plaintiff's son, Michael Wondercheck, by the defendant law enforcement officers. The chase ended when Wondercheck lost control of his vehicle, incurring injuries which later resulted in his death. This matter is before the court upon motions to dismiss filed by each of the defendants: Filing 32 (City of Gering and its law enforcement officer); Filing 34 (Scotts Bluff County and its officers); Filing 37 (City of Bayard and its officer); and

Filing 41 (State of Nebraska and a John Doe officer).  Each seeks dismissal of the claims raised in the Amended Complaint (Filing 31).  I will deny the majority of the motions for the reasons set forth below.

### *Standard of Review*

In determining whether the complaint states a claim upon which relief can be granted, I am required to accept as true all factual allegations in the complaint, but to give no effect to conclusory allegations of law.  See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).  A complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.  Krentz v. Robertson, 228 F.3d 897, 905 (8th Cir. 2000).  In other words, dismissal is justified only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 704 (3d ed. 2004).

### *Section 1983 Claim*

The section 1983 claim is asserted only against the law enforcement officers in their individual capacities.  It is based on two theories of substantive due process violations:  participating in a high-speed chase with a purpose to cause harm to Wondercheck unrelated to the legitimate object of arrest and inattentiveness to medical needs.  As to medical needs, the Amended Complaint asserts both "failure

to render proper first aid" at the scene of the accident and willful indifference to Wondercheck's medical needs. (Filing 31, Amended Complaint ¶¶ 50, 51.)

The Amended Complaint includes factual assertions which, if true, could indicate that City of Bayard police officer Douglass had personal animosity towards Wondercheck and pursued him with a purpose to cause harm unrelated to the legitimate object of arrest. This is, just barely, sufficient to state a section 1983 cause of action against Bayard and its officer under County of Sacramento v. Lewis, 523 U.S. 833, 836 (1998). If these assertions are true, the law enforcement officers from other jurisdictions could have joined Douglass in his improper purpose. I will deny the motions to dismiss the section 1983 claim to the extent it is based on participation in the high speed chase.

The section 1983 claim is also based on "failure to render proper first aid" at the scene of the accident and willful indifference to Wondercheck's medical needs at the scene. I consider these assertions separately.

To the extent the Amended Complaint asserts that the defendants failed to give *proper* first aid at the scene, that is an allegation of negligence and "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Lewis, 523 U.S. at 836. To the extent the Amended Complaint asserts that the defendants failed to *administer* first aid at the scene, it similarly fails to state a claim. A law enforcement officer does not have an affirmative duty to personally render medical assistance. Tagstrom v. Enockson, 857 F.2d 502, 504 (8th Cir. 1988) (when high-speed pursuit of suspect resulted in collision, first officer at scene of collision had no "affirmative duty to render medical assistance himself, such as giving mouth-to-mouth resuscitation or CPR"). An officer performs his or her duty regarding first aid by "immediately calling an ambulance." Id. I will grant the motions to dismiss the section 1983 claims to the extent they are based on negligently

administered first aid and failure of the officers to personally render first aid at the scene.

The Amended Complaint does state a section 1983 claim to the extent it asserts that the law enforcement officers were willfully indifferent to Wondercheck's medical needs at the scene of the accident. Facts outside the pleadings may not be considered when resolving a motion to dismiss, and I have not done so. I do note that evidence submitted by the plaintiff in support of a motion for summary judgment which is not yet ripe for decision indicates that officers at the scene of Wondercheck's accident performed stabilizing medical assistance (giving oxygen, monitoring breathing and pulse), that both an ambulance and flight for life were called, and that an ambulance and City of Gering Fire Department personnel arrived at the scene. (Filing 46-8 (incident report of Gering Police Department), submitted by the plaintiff in support of motion for summary judgment on the state Criminal History Information Act claims.) It seems likely that to the extent the section 1983 claim is based on indifference to medical needs, it could be quickly resolved on a motion for summary judgment.

### *Wrongful Death Claim*

The Amended Complaint asserts a state wrongful death claim against the "State of Nebraska, Gering Police Department, Bayard Police Department, and Scotts Bluff County." It does not specifically assert this claim against the law enforcement officers in their individual capacities. Neither did the original complaint (filing 1), and a July 14, 2006 order of this court directed the plaintiff to clarify whether the individual defendants were sued in their individual capacities on this claim (filing 30 at 11). I find that the wrongful death claim is asserted only against the governmental entities. Cf. Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989) (unless section 1983 plaintiff specifically pleads that suit for damages is brought against state official in individual capacity, suit is brought only in official capacity).

The State asserts that Eleventh Amendment immunity bars the wrongful death claim. The plaintiff acknowledges that the State "may have a valid point" (filing 43 at 6), and I agree. Generally, a suit brought solely against a state or a state agency is proscribed by the Eleventh Amendment. See, e.g., Papasan v. Allain, 478 U.S. 265, 276 (1986). Although a State may waive its Eleventh Amendment immunity, Nebraska has not waived immunity for wrongful death claims brought in federal court. A wrongful death claim can be brought against Nebraska only under and to the extent permitted by Nebraska's State Tort Claims Act. Neb. Rev. Stat. Ann. § 81-8,209 LexisNexis (2005). I have previously held that although Nebraska waived Eleventh Amendment immunity in the State Tort Claims Act, that waiver does not extend to tort claims filed in federal court. See Miller v. Nebraska Dep't of Corr. Serv., No. 4:04CV3228, 2005 WL 3072198, at *1 (D. Neb. Nov. 15, 2005); Doran By and Through Doran v. Condon, 983 F. Supp. 886, 890 (D. Neb. 1997).

I will grant the State's motion to dismiss the wrongful death claim against it. The other defendants assert that the pendant state claims (including the wrongful death claim) should be dismissed if I dismissed the section 1983 claims. As I have not dismissed the section 1983 claims, I will deny the motion to dismiss the wrongful death claim against the city and county defendants.

### *State Criminal History Information Act Claim*

The Amended Complaint asserts that the State of Nebraska and the City of Gering violated the Security, Privacy, and Dissemination of Criminal History Information Act, Neb. Rev. Stat. Ann. §§ 29-3520 to 29-3528 (LexisNexis 2003) (the "Criminal History Information Act"). Generally and as pertinent here, the Act requires that governmental entities which administer criminal justice maintain certain criminal records, defines what criminal records are public records for purposes of dissemination, and provides for dissemination of specified criminal records to interested parties. When the State or its political subdivisions fail to comply with the

Criminal History Information Act, "any person aggrieved may bring an action, including but not limited to an action for mandamus, to compel compliance . . . ." Neb. Rev. Stat. Ann. § 29-3528. The plaintiff asserts that the State and the City of Gering wrongfully failed to comply with her request, as an interested party, for Criminal History Information Act records.

The Amended Complaint seeks relief in the form of mandamus for the alleged Criminal History Information Act violations. (Filing 43, Pl.'s Br. in Opp. to Motions to Dismiss at 6 ("the action pursuant to the state public records section is an action for mandamus, to compel the State Patrol to turn over the records pursuant to Nebraska Revised Statute 29-3528, and thus not an action for money damages which would be precluded by the 11th amendment").) The Amended Complaint asserts this state law claim against "the State of Nebraska" and the City of Gering. The State correctly asserts that the Eleventh Amendment to the United States Constitution bars the Criminal History Information Act claim against it.

To reiterate the law regarding sovereign immunity, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Although a State may waive this immunity, section 29-3528 does not constitute a waiver by the State of Nebraska's immunity from suit in federal court for violation of the Criminal History Information Act. The test for determining whether a State has waived its immunity from suit in federal court is a strict one. College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1999). If the State does not voluntarily invoke federal court jurisdiction, it must make a "clear declaration" that it intends to submit to federal court jurisdiction. Id. at 676. This consent must be "unequivocally expressed." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).

Section 29-3528 merely authorizes an "action for mandamus . . . in the district court of any district in which the records involved are located or in the district court of Lancaster County." The State Tort Claims Act contains similar language, authorizing suits "in the district court of the county in which the act or omission claims occurred, or if the act or omission occurred outside the boundaries of the State of Nebraska, in the district court for Lancaster County." Neb. Rev. Stat. Ann. § 81-8,214 (LexisNexis 2005). I have previously held that section 81-8,214 waives State immunity only for tort claims brought in state district court. Miller, 2005 WL 3072198, at *1; Doran, 983 F. Supp. at 890. I now find that section 29-3528 waives Nebraska's immunity only for Criminal History Information Act claims brought in state district court.

The plaintiff may argue that she intended to sue John Doe, a state trooper acting in his official capacity, rather than the State or that she should be given the opportunity to amend the complaint in this manner, and that the Ex Parte Young[1] exception to Eleventh Amendment immunity permits suit against John Doe in his official capacity. I reject this argument. First, she did not assert the Criminal History Information Act claim against John Doe in his official capacity. Second, even if she had, Young is inapplicable in a federal court suit against state officials on the basis of state law. When a plaintiff alleges that state officials have violated state law, the basis for the Young doctrine disappears. Pennhurst, 465 U.S. at 106; Santee Sioux

---

[1]209 U.S. 123 (1908). Under Young, state officials may be sued in their official capacities for prospective injunctive relief when the plaintiff alleges that the officials are acting in violation of the Constitution or *federal law*. The Young doctrine is based on the idea that federal courts must be able to enjoin continuing violations of *federal law*, to preserve the constitutional structure established by the Supremacy Clause. Fond du Lac Band of Chippewa Indians v. Carlson, 68 F.3d 253, 255 (8th Cir. 1995). It is a narrow exception which "ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 145-46 (1993).

Tribe of Neb. v. Nebraska, 121 F.3d 427, 432 (8th Cir. 1997); Poor Bear v. Nesbitt, 300 F. Supp. 2d 904, 915 (D. Neb. 2004).  As the Supreme Court has noted,

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law.  On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.  We conclude that Young and Edelman are inapplicable in a suit against state officials on the basis of state law.

Pennhurst, 465 U.S. at 106.

I will deny the City of Gering's motion to dismiss the Criminal History Information Act claim against it, as it was premised on the principle that pendant state claims should be dismissed if the sole federal claim is dismissed, and I have denied the motion to dismiss the section 1983 claims (to the extent they assert pursuit with a purpose to cause harm unrelated to the legitimate object of arrest or willful indifference to Wondercheck's medical needs)

### *Summary of Remaining Claims*

After my rulings on the motions to dismiss, these claims in the Amended Complaint remain:

\*	section 1983 claims against the named law enforcement officers in their individual capacities, based on pursuit with a purpose to cause harm unrelated to the legitimate object of arrest and willful indifference to Wondercheck's medical needs at the scene;

\*   wrongful death claims against the Gering Police Department, the Bayard Police Department, and Scotts Bluff County, but not against any law enforcement officers in their individual capacities; and

\*   a Criminal History Information Act claim against the City of Gering.

For the foregoing reasons,

IT IS ORDERED that:

1. The motion to dismiss filed by the City of Gering and its law enforcement officer (filing 32) is granted as to the section 1983 claim based on failure to render proper first aid and is otherwise denied, without prejudice to a properly supported motion for summary judgment;

2. The motion to dismiss filed by Scotts Bluff County and its law enforcement officers (filing 34) is granted as to the section 1983 claim based on failure to render proper first aid and is otherwise denied, without prejudice to a properly supported motion for summary judgment;

3. The motion to dismiss filed by the City of Bayard and its law enforcement officer (filing 37) is granted as to the section 1983 claim based on failure to render proper first aid and is otherwise denied, without prejudice to a properly supported motion for summary judgment; and

4. The wrongful death and Criminal History Information Act claims against the State are dismissed, the section 1983 claim against the State

based on failure to render proper first aid is dismissed, and the motion in filing 41 is otherwise denied, without prejudice to a properly supported motion for summary judgment as to the section 1983 claim against John Doe state trooper.

October 18, 2006						BY THE COURT:

								*s/Richard G. Kopf*
								United States District Judge