IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ESTATE OF MICHAEL WONDERCHECK, BY BETH WONDERCHECK, PERSONAL REPRESENTATIVE, | ) ) ) ) ) | 4:06CV3087 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, JOHN DOE, INDIVIDUALLY AND IN HIS CAPACITY AS STATE TROOPER OF THE NEBRASKA STATE PATROL; CITY OF GERING, CITY OF BAYARD, AND SCOTTS BLUFF COUNTY; JAMES JACKSON, INDIVIDUALLY AND IN HIS CAPACITY AS A POLICE OFFICER FOR THE CITY OF GERING; KRIS STILL, TRENT ZWICKL, MARK BLISS, AND DEPUTY PERKINS, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS DEPUTIES FOR SCOTTS BLUFF COUNTY; Z. DOUGLASS, INDIVIDUALLY AND IN HIS CAPACITY AS POLICE OFFICER FOR THE CITY OF BAYARD, NE., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's motion for partial summary judgment against the State of Nebraska and the City of Gering (the "City") on the claim brought under the Security, Privacy, and Dissemination of Criminal History Information Act, Neb. Rev. Stat. Ann. §§ 29-209, 29-210, 29-3520 to 29-3528 (LexisNexis 2003), and 81-1423 (LexisNexis 2005) (the "Criminal History Information Act" or the "Act"). I previously granted the State's motion to dismiss the

Criminal History Information Act claim against it. (Filing 51.) The City did not respond to the motion, either by brief or by cross-motion for summary judgment.

Plaintiff requested that the City provide public records and criminal history information pursuant to the Act. The City responded by providing a copy of an incident report completed by James Jackson, a City police officer. (Filing 46-8 (Ex. F).) The incident report indicated that Officer Jackson took photographs at the scene of the accident and that his in-car camera videotaped his participation in the pursuit of Michael Wondercheck. Id. Plaintiff made a follow-up request, seeking copies of the photographs and videotape pursuant to the Act. (Filing 46, Ex. G.) The City did not provide those items. Plaintiff asserts that sections 29-3525 and 29-3521 of the Act require the City to give her copies of, or allow her to review, the photographs and videotape. For the reasons set forth below, I disagree and will deny Plaintiff's motion for summary judgment.[1] I invite the City to file its own motion for summary judgment on the Criminal History Information Act claim.

I.

*Section 29-3525 Review by a "Person in Interest"*

Section 29-3525 of the Act provides for review of criminal history records by a person in interest. It provides as follows:

> [a]ny person in interest, who asserts that he or she has reason to believe that criminal history information relating to him or her or the person in whose interest he or she acts is maintained by any system in [Nebraska], shall be entitled to review and receive a copy of such information for the purpose of determining its accuracy and completeness . . . . The review

---

[1] My finding that the Act does not require dissemination of the requested materials has no bearing on whether those materials are discoverable in this suit.

> authorized by this section shall be limited to a review of criminal history record information.

Neb. Rev. Stat. Ann. § 29-3525.

Beth Wondercheck, as the personal representative of her son Michael, is a "person in interest" with respect to criminal justice records of Michael. Neb. Rev. Stat. Ann. § 29-3514 (if the subject of a criminal justice record is "under legal disability," then "person in interest" means "the person's parent or duly appointed legal representative"); Filing 46, Ex. H (letters of personal representative). However, the photographs and videotape are not "criminal history record information" subject to section 29-3525 review.

> The Act defines "criminal history record information" as
>
> information collected by criminal justice agencies on individuals consisting of identifiable descriptions and notations of issuance of arrest warrants, arrests, detentions, indictments, charges by information, and other formal criminal charges, and any disposition arising from such arrests, charges, sentencing, correctional supervision, and release. <u>Criminal history record information shall not include intelligence or investigative information</u>.

Neb. Rev. Stat. Ann. § 29-3506 (emphasis added). The photographs taken at the scene of the accident and videotape from the police officer's in-car camera are not "formal criminal charges" and do not document "disposition" of formal criminal charges. "Disposition" is defined as "information disclosing that criminal proceedings have been concluded, including information disclosing that the police have elected not to refer the matter to a prosecutor or that a prosecutor has elected not to commence criminal proceedings, and also information disclosing the nature of the termination of the proceedings." Neb. Rev. Stat. Ann. § 29-3511. The photographs and videotape constitute "intelligence or investigative information," and as such are

specifically excluded from the definition of "criminal history record information." Section 29-3525 does not require that the City permit Plaintiff to review or copy the photographs and videotape.

### Dissemination of Public Records under Sections 29-3520 and 29-3521

Section 29-3520 requires that certain records be available for inspection and copying by the public. Dissemination is not limited to a "person in interest." Information that is "considered public record for purposes of dissemination" includes public records as defined in section 29-3520 and the additional classes of information set forth in section 29-3521. Neb. Rev. Stat. Ann. § 29-3521. Plaintiff asserts that she must be allowed to inspect and copy the photographs and videotape because section 29-3521 requires their dissemination to the public.

The additional classes of information considered public record under section 29-3521 are:

> (1) Posters, announcements, lists for identifying or apprehending fugitives or wanted persons, or <u>photographs</u> taken in conjunction with an arrest for purposes of identification of the arrested person; (2) <u>original records of entry</u> such as police blotters, offense reports, or incident reports maintained by criminal justice agencies; (3) court records of any judicial proceeding; and (4) records of traffic offenses maintained by the Department of Motor Vehicles for the purpose of regulating the issuance, suspension, revocation, or renewal of driver's or other operator's licenses.

Neb. Rev. Stat. Ann. § 29-3521 (emphasis added). Plaintiff asserts that section 29-3521 requires dissemination of the photographs and videotape because *all* photographs are public record. Assuming for purposes of this motion that a videotape could be a "photograph" within the meaning of section 29-3521, that section includes *only* "photographs taken in conjunction with an arrest for purposes of identification

of the arrested person . . . ." The photographs and the videotape from Officer Jackson's in-car video camera were not taken in conjunction with an arrest, nor were they taken for purposes of identification of an arrested person. Plaintiff also argues that the photographs and videotape are "original records of entry" within the meaning of section 29-3521. However, the "original records of entry" listed in section 29-3521 are "police blotters, offense reports, or incident reports maintained by criminal justice agencies . . . ." As defined, "original records of entry" include written documents and not images.

The City of Gering met its obligations under sections 29-3520 and 29-3521 by providing a copy of the incident report prepared by Officer Jackson. These sections do not require public dissemination of the photographs and videotape simply because they were referenced in an incident report–those items must independently qualify as "public record for purposes of dissemination." As I have explained, they do not.

II.

The City did not file a cross-motion for summary judgment on the Criminal History Information Act claim. If it had, I would have granted the motion for the reasons set forth above. I invite the City to file a motion for summary judgment on this claim.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for summary judgment on the Criminal History Information Act claim against the City of Gering (filing 44) is denied; and

2. If the City desires to file a motion for summary judgment on the Criminal History Information Act claim, it shall do so on or before November 21, 2006.

November 7, 2006     BY THE COURT:

*s/Richard G. Kopf*
United States District Judge